UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MARK WHITESIDE,

                Plaintiff,

    v.

HOVER-DAVIS, INC. AND UNIVERSAL
INSTRUMENTS CORP.,

                Defendants.

**ELECTRONICALLY FILED**

CIVIL CASE NO.: 6:19-cv-6026

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE THIRD AMENDED COMPLAINT

Michael D. Billok, Esq.
BOND, SCHOENECK & KING, PLLC
Attorneys for Defendants
268 Broadway, Suite 104
Saratoga Springs, NY 12866

541731.1

## **TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ............................................................................................... 1

FACTUAL BACKGROUND .................................................................................................... 2

   I.   THE PARTIES ............................................................................................................... 2

   II.   CASE HISTORY ........................................................................................................... 2

   III.  PLAINTIFF'S ALLEGATIONS .................................................................................. 3

       A.  PLAINTIFF'S WAGE ALLEGATIONS ............................................................. 3

       B.  PLAINTIFF'S DISCRIMINATION ALLEGATIONS ......................................... 4

ARGUMENT ............................................................................................................................... 5

   POINT I   THE THIRD AMENDED COMPLAINT
                FAILS TO STATE DISCRIMINATION CLAIMS ......................................... 6

   POINT II  THE THIRD AMENDED COMPLAINT
                FAILS TO STATE UNPAID OVERTIME CLAIMS ................................... 10

       A.  PLAINTIFF'S FLSA CLAIM IS BARRED BY THE
           STATUE OF LIMITATIONS................................................................................ 10

       B.  PLAINTIFF'S FLSA AND NYLL CLAIMS SHOULD BE DISMISSED
           FOR FAILURE TO STATE A CLAIM............................................................... 11

   POINT III THE AMENDED COMPLAINT
                FAILS TO STATE A NYLL § 195(3) CLAIM ............................................ 15

CONCLUSION ......................................................................................................................... 17

541731.1

**PRELIMINARY STATEMENT**

Plaintiff's Third Amended Complaint alleges that from approximately 2012 to 2016, he was a non-exempt employee who was not paid overtime that he was due; and that in June 2018 he was terminated due to his disability. These claims, however, are all subject to dismissal because Plaintiff's allegations of unpaid overtime and disability discrimination are simply implausible.

Plaintiff's allegations of unpaid overtime are, in a word, *strange*. He admits that he was an exempt Quality Engineer until 2012, and then again from 2016 onward. He does *not* actually allege that he was demoted, moved, reclassified, or that there was any other such tangible change in 2012. Instead, he just alleges that he suddenly, for no apparent reason—and more importantly, for no *alleged* reason—became a "*de facto*" non-exempt Repair Organization Technician. He does not plausibly allege how that supposedly came to pass. Likewise, in 2016, Plaintiff alleges that he stopped doing Repair Organization Technician work, but again provides no explanation—or allegation—as to how, why, or by whom he came to stop doing such work, just as he provides no plausible details about how he supposedly came to do non-exempt work in the first place. Needless to say, Plaintiff's claims of working as a non-exempt employee are implausible, rendering his unpaid overtime and wage statement claims subject to dismissal.

Plaintiff's disability discrimination claims are likewise implausible. As Plaintiff alleges in the Third Amended Complaint, he was diagnosed with cancer in August of 2017. Defendants then granted him six months of leave while he received treatment, which is not the behavior of entities seeking to terminate someone due to disability. Then, after Plaintiff returned to work, he was informed that Defendants "would no longer be manufacturing

prosthetic arms, which was Plaintiff's main task." Plaintiff does not actually allege that Defendants no longer would be manufactring prosthetic arms. Instead, Plaintiff alleges—on information and belief—that some employees other than Plaintiff were reassigned to other jobs while Plaintiff was not, but that allegation alone, even if it could be proven true, demonstrates nothing that makes Plaintiff's case plausible: Plaintiff does not plausibly allege that they were similarly situated to him, and also does not allege that they were outside his protected class, i.e., not disabled. Plaintiff therefore fails to plausibly allege that his termination was due to disability.

As all of Plaintiff's claims have not been plausibly pleaded, the Third Amended Complaint therefore should be dismissed in its entirety.

## FACTUAL BACKGROUND

### I. The Parties

Universal Instruments Corporation is a Delaware corporation with a principal place of business at 33 Broome Corporate Parkway, Conklin, New York, 13748. TAC ¶ 10.[1]

Hover-Davis is a subsidiary of Universal Instruments, located at 100 Paragon Drive, Rochester, New York, 14624. TAC ¶¶ 4, 5. Hover-Davis specializes in the design and manufacture of advanced automation assembly equipment. TAC ¶ 23.

Plaintiff was an employee of Defendants from August 1999 until June 18, 2018. TAC ¶ 3.

### II. Case History

On January 8, 2019, Plaintiff filed the initial Complaint. Docket No. 1. On March 11, 2019, Defendants filed a Motion to Dismiss the Complaint on the basis that none

---

[1] References to "TAC" are to paragraphs in the Third Amended Complaint.

of the claims in the Complaint stated a claim under Federal Rule 12(b)(6).  Docket No. 8.  On March 25, 2019, Plaintiff filed an Amended Complaint.  Docket No. 9.  On April 1, 2019, Defendants filed a Motion to Dismiss the Amended Complaint.  Docket No. 10.  On April 26, 2019, Plaintiff filed a stipulation and proposed order to file a Second Amended Complaint.  Docket No. 13.  The Court approved the stipulation and denied Defendants' motion to dismiss the Amended Complaint as moot on May 1.  Docket No. 15.  On May 2, Plaintiff filed the Second Amended Complaint.  Docket No. 16.  On May 14, Defendants filed a Motion to Dismiss the Second Amended Complaint.

On June 6, 2019, Plaintiff filed a stipulation and proposed order to file a Third Amended Complaint.  Docket No. 19.  The Court approved the stipulation and denied Defendants' motion to dismiss the Second Amended Complaint as moot.  Docket No. 20.  On June 19, Plaintiff filed the Third Amended Complaint.  Docket No. 21.

### III. Plaintiff's Allegations

#### A. Plaintiff's Wage Allegations

Plaintiff began working at Hover-Davis as a Quality Engineer in August 1999.  TAC ¶ 28.  Plaintiff's position as a Quality Engineer was classified as exempt from overtime.  TAC ¶ 26.  Quality Engineers monitored the production lines and ensured quality of products by developing and sometimes carrying out tests for feeders.  *Id.*

In Plaintiff's initial Complaint, Plaintiff alleged that sometime in 2012, he "began doing the work" of the non-exempt position of Repair Organization Technician, fixing feeders as opposed to performing the exempt duties of a Quality Engineer.  Compl. ¶¶ 26, 28, 29.  Plaintiff did not actually allege that he was moved out of the exempt position of a Quality Engineer, just that he was "doing the work" of a Repair Organization Technician.  Compl. ¶¶ 28, 32; *see generally* Complaint.  In his Amended Complaint,

Plaintiff added to this allegation to state that in 2012, he "was asked to switch positions, and was *de facto* a Repair Organization Technician" (Am. Compl. ¶ 28), and that "upon information and belief," his supervisor Juliann Nelson and Operations Manager Ronald Bradley "knew he was doing the work of a *de facto* Repair Organization Technician and assigned him to do the work of the role" (Am. Comp. ¶ 74). These allegations remain unchanged in the Third Amended Complaint. TAC ¶¶ 29, 75.

Plaintiff alleges that while he was "doing the work" of a Repair Organization Technician, he "worked more approximately 45-50 hours every week and was not paid overtime." TAC ¶ 34. In his initial Complaint, he alleged this occurred until sometime in 2015 (Comp. ¶ 68) or 2016 (Compl. ¶ 35), when he "stopped working as a Repair Organization Technician and began working as a Quality Engineer." Compl. ¶ 35. In the Amended Complaint, Plaintiff revised the allegation to contend that he was misclassified until "on or around January 26th, 2016," but provided no other alleged details about how he supposedly transitioned from Repair Organization Technician work to Quality Engineer work. Am. Compl. ¶ 35. Plaintiff made no changes and added no details to this allegation in his Third Amended Complaint. TAC ¶ 38.

B.   Plaintiff's Discrimination Allegations

Plaintiff was diagnosed with cancer in August 2017, and took approximately six months of leave from work until late April 2018 due to his illness.[2] TAC ¶¶ 40, 42, 43. Plaintiff alleges that after his return, Operations Manager Ronald Bradley treated him "coldly," and then informed him that Defendants would no longer be manufacturing prosthetic arms, which was Plaintiff's main task. TAC ¶¶ 46, 47. Plaintiff was informed on

---

[2] The Third Amended Complaint, like the complaints filed before it, alleges that Plaintiff took leave until April 31, 2018, a date that does not exist. TAC ¶ 42.

June 18, 2018 that he was being terminated because there was no work available for him. TAC ¶ 48. Plaintiff alleges, upon information and belief, that Defendants retained other employees in other positions who had the same responsibilities as Plaintiff and who did not have cancer. TAC ¶ 49.

## ARGUMENT

For purposes of a motion to dismiss, the factual allegations in the complaint are generally accepted as true and all reasonable inferences are drawn in the light most favorable to the plaintiff. *Arar v. Ashcroft*, 585 F.3d 559, 567 (2d Cir. 2009). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions" and courts are "not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citation omitted). Rather, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"The *Iqbal* plausibility standard applies in conjunction with employment discrimination pleading standards." *Lyman v. NYC OASAS*, 928 F. Supp. 2d 509, 518 (N.D.N.Y. 2013) (citation omitted). "While a plaintiff need not plead a prima facie case of discrimination to survive a motion to dismiss, he must at least plead enough facts to state a claim for discrimination that is plausible on its face." *Hassan v. City of Ithaca,* 2012 U.S. Dist. LEXIS 50397, *10 (W.D.N.Y. Apr. 9, 2012) (citing *Patane v. Clark*, 508 F.3d 106, 112–113 (2d Cir. 2007)). The complaint "must at a minimum assert nonconclusory factual

matter sufficient to 'nudge[] [its] claims' . . . 'across the line from conceivable to plausible' to proceed." *EEOC v. Port Auth. of N.Y. & N.J.*, 768 F.3d 247, 254 (2d Cir. 2014) (citation omitted); *Thompson v. ABVI Goodwill Servs.*, 531 Fed. Appx. 160, 161 (2d Cir. 2013) ("We ignore '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,' which are not entitled to the presumption of truth; thereafter, we examine the complaint for facial plausibility") (citations omitted).

## POINT I

## THE THIRD AMENDED COMPLAINT FAILS TO STATE DISCRIMINATION CLAIMS

Plaintiff claims in his first cause of action that the allegations set forth in the Third Amended Complaint constitute disability discrimination pursuant to the Americans with Disabilities Act ("ADA") and New York State Human Rights Law ("HRL"), but his allegations fail to state a claim.

"[T]o survive a motion to dismiss, a plaintiff must allege facts that show (1) the employer took adverse action against her, and (2) the action was taken because of her disability or perceived disability." *Thomson v. Odyssey House*, 2015 U.S. Dist. LEXIS 125887, *49 (E.D.N.Y. Sept. 21, 2015) (citing *Smith v. Hogan*, 794 F.3d 249, 253 (2d Cir. 2015). In *Thomson*, the district court granted the employer's motion to dismiss where the plaintiff "failed to present any allegations that would give rise to the inference that her alleged disability or perceived disability played a motivating role" in her termination. *Id.* Nor can a complaint survive a motion to dismiss by simply making conclusory statements, without examples, that other non-disabled employees were given preferential treatment. *See Prisco v. Air Indus. Grp.,* 2017 U.S. Dist. LEXIS 143348, *34 (E.D.N.Y. Sept. 1, 2017) ("Plaintiff's conclusory statement that employees who were not disabled were not subjected to the Defendants' discriminatory practices is without any factual support.  Plaintiff does not

allege, for example, any examples of other non-disabled employees given preferential treatment."). Likewise, in *Jackson v. Elmhurst Hospital Center*, the Eastern District dismissed an ADA claim on a motion to dismiss, stating the plaintiff could not "overcome the facts averred in her own complaint that provide a wholly non-discriminatory explanation" for the adverse action against the plaintiff. 2012 U.S. Dist. LEXIS 34508, *23 (E.D.N.Y. Mar 14, 2012).[3]

In the Third Amended Complaint, Plaintiff alleges that he was terminated because of his disability. TAC ¶ 52-72. But this conclusory allegation does not create an inference of discrimination, nor do the other facts alleged in the Third Amended Complaint—quite the opposite:

- Plaintiff disclosed his disability in August of 2017. TAC ¶ 40. He was terminated in June of 2018, almost a year later. TAC ¶ 48. In order to rely upon temporal proximity to create an inference of discrimination, the proximity must be "very close." *Miller v. McHugh*, 2016 U.S. Dist. LEXIS 20474, *16 (S.D.N.Y. Feb. 19, 2016) (citation omitted). A number of courts in the Second Circuit have found time periods as short as two to three months to be insufficient to create an inference of discrimination. *Id.* at *19. Here, the ten-month time period between Plaintiff's disability and his termination (or even the eight-month time period between Plaintiff going on leave and his termination) is too attenuated to create any inference of discrimination.

---

[3] "A claim of disability discrimination under the New York State Human Rights Law . . . is governed by the same legal standards as govern federal ADA claims." *Graves v. Finch Pruyn & Co., Inc.*, 457 F.3d 181, 184 n.3 (2d Cir. 2006).

- Indeed, Plaintiff himself admits that he was provided about *six months of leave* by the company.  TAC ¶ 43.  That he was granted such time off for his disability, presumably as an accommodation, weighs against finding any inference of discrimination.

- Plaintiff alleges that he was told he was being terminated because the Defendants would no longer be manufacturing prosthetic arms, his main task.  TAC ¶¶ 47, 48.   Plaintiff does not allege that this reason was false; he does not dispute that Defendants in fact would no longer be manufacturing prosthetic arms.  *See generally* Third Amended Complaint.  Loss of work is a "wholly non-discriminatory explanation" for plaintiff's termination, and the Third Amended Complaint here should be dismissed just as the complaint in *Jackson* was dismissed because Plaintiff himself provides a legitimate reason for his termination in the Third Amended Complaint.

- While Plaintiff alleges that other employees with similar responsibilities to Plaintiff were placed in other positions, TAC ¶ 49, the allegation is merely a conclusory statement without any factual support.  *See Prisco,* 2017 U.S. Dist. LEXIS 143348, *34.  Moreover, he does not allege they were employees similarly situated to him, such as having similar skills, performance, disciplinary history, or seniority.  *See Harvin v. Manhattan & Bronx Surface Transit Operating Auth.*, 2018 U.S. Dist. LEXIS 56759, *20 (E.D.N.Y. Mar. 30, 2018) (dismissing disability discrimination claim where plaintiff did not allege another employee was "similarly situated in all other material respects…. For instance, she does not sufficiently detail their education or work experience."); *Kuder v. City of*

> *Rochester*, 992 F. Supp. 2d 204, 211 (W.D.N.Y. 2014) (dismissing disability discrimination claim where "Plaintiff has simply not alleged sufficient facts to support a plausible inference that he and Walker were similarly situated in all material respects"). Plaintiff also fails to allege that the retained employees were outside of his protected class of disabled employees. He only alleges that they did not have cancer; he does not allege that they were not *disabled*.[4] Indeed, if any of the employees alleged in the Third Amended Complaint to have been provided other positions in the company had a disability, it would only further undermine the plausibility of Plaintiff's disability discrimination claims.

In short, "Plaintiff simply pleads that he was in a protected class, he was qualified, and he was subject to an adverse action. These facts alone are not enough to allow the reader to infer that the adverse action occurred due to" his disability. *Zappa v. Town of Hempstead Sanitary Dist. No. 7*, 2018 U.S. Dist. LEXIS 7628, at *22 (E.D.N.Y. Jan. 16, 2018) (citing *Robbins v. City of N.Y.*, 254 F. Supp. 3d 434, 440 (E.D.N.Y. 2017) ("This remains a classically deficient case of a plaintiff alleging nothing more than the recitation of a false syllogism: (1) I am (insert name of a protected class); (2) something bad happened to me at work; (3) therefore, it happened because I am (insert name of protected class)."). *See also Johnson v. Morrison & Foerster LLP*, 2015 U.S. Dist. LEXIS 24008, at *15-16 (S.D.N.Y. Feb. 26, 2015) (same); *Salaam v. Syracuse Model Neighborhood Facility*, 2012 U.S. Dist. LEXIS 35092, at *13 (N.D.N.Y. Mar. 15, 2012) (same).

Plaintiff's allegations against Defendants fail to create an inference of disability discrimination, and therefore his first and second causes of action should be dismissed.

---

[4] "Other individuals who did not have cancer were not terminated." TAC ¶ 68.

## POINT II

## THE THIRD AMENDED COMPLAINT FAILS TO STATE UNPAID OVERTIME CLAIMS

Plaintiff claims in his third and fourth causes of action that he is due unpaid overtime pursuant to the Fair Labor Standards Act ("FLSA"), and the New York State Labor Law ("NYLL"), respectively.

### A.  Plaintiff's FLSA Claim is Barred by the Statue of Limitations

As an initial matter, Plaintiff's FLSA claim must be dismissed as beyond the statute of limitations, which is two years unless the violations were willful, in which case a three-year limitations period applies.  29 U.S.C. § 255(a).  The initial Complaint was filed on January 8, 2019.  Docket No. 1.  As a result, if there is not a sufficient allegation of willfulness in the Third Amended Complaint, then it must allege FLSA violations no earlier than January 8, 2017.  The Third Amended Complaint does not do so.  *See generally* Third Amended Complaint.  Thus, the only way that Plaintiff's FLSA cause of action may survive the motion to dismiss is if the Third Amended Complaint sufficiently alleges willful FLSA violations that occurred on or after January 8, 2016.

Again, the Third Amended Complaint does not do so.  The only mention in the Third Amended Complaint that the purported FLSA violation was supposedly willful is in Paragraph 79, which merely states in conclusory fashion that the violation was willful.  TAC ¶ 79.  The allegation does not cite to anything in the Third Amended Complaint in support of that contention, nor are there any allegations in the Third Amended Complaint to support Plaintiff's claim of willfulness.  *See generally* Third Amended Complaint.  In order to allege a willful FLSA violation sufficient to withstand a motion to dismiss, a plaintiff must allege facts that if true, would show that the employer knew it was violating the FLSA or acted in reckless disregard of the FLSA, and "[c]onclusory allegations of willfulness are insufficient."

*Watkins v. First Student, Inc.*, 2018 U.S. Dist. LEXIS 32729, *19 (finding on 12(b)(6) motion that plaintiff failed to plead sufficient facts to show willfulness) (citing *Young v. Cooper Cameron Corp.*, 586 F.3d 201, 207 (2d Cir. 2009)).  Because Plaintiff alleges no facts that, if true, would show that Defendants knew of an FLSA violation or acted in reckless disregard of the FLSA, and merely alleges an FLSA allegation in conclusory fashion, Plaintiff has failed to allege willfulness to trigger the three-year FLSA limitations period and his FLSA claim should be dismissed.[5]

      B.    <u>Plaintiff's FLSA and NYLL Claims Should Be Dismissed for Failure to State a Claim</u>

Regardless of the statute of limitations issue for Plaintiff's FLSA claim, his claims of unpaid overtime fail under the FLSA and NYLL for failure to state a claim under Rule 12(b)(6).

This Court recently issued a decision on the issue of what level of specificity is necessary for a plaintiff to state a claim for unpaid overtime, summarizing three recent Second Circuit cases and explaining the relevant standard as follows:

> In *Humphrey v. Rav Investigative Security Services, Ltd.*, 169 F. Supp. 3d 489, 496-497 (S.D.N.Y. 2016), the Court discussed the Second Circuit's "trilogy" of FLSA overtime-pleading cases, referring to *Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F.3d 106 (2d Cir. 2013) ("*Lundy*"), *Nakahata v. New York Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192 (2d Cir. 2013) ("*Nakahata*") and *DeJesus v. HF Management Servs., LLC*, 726 F.3d 85 (2d Cir. 2013) ("*DeJesus*").  These Second Circuit decisions, which all involved 12(b)(6) motions directed at FLSA overtime claims, indicate that, "in order to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours."  *See, e.g., Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d at 88 (quoting *Lundy*, 711 F.3d at 114); *see also, Nakahata*, 723 F.3d at 201 ("To plead a plausible FLSA overtime claim, Plaintiffs must provide sufficient detail about the length and frequency of their unpaid work to support a

---

[5] It bears mentioning that Defendants made precisely the same argument about the lack of any willfulness-related allegations in their previous motions to dismiss, and yet when afforded the opportunity to cure the defect, Plaintiff did not even attempt to do so in the various Amended Complaints.

reasonable inference that they worked more than forty hours in a given week."). Regarding this standard, the Circuit Court has further stated:

> [Our] requirement that plaintiffs must allege overtime without compensation in a "given" workweek was not an invitation to provide an all-purpose pleading template alleging overtime in "some or all workweeks." It was designed to require plaintiffs to provide some factual context that will "nudge" their claim "from conceivable to plausible." While this Court has not required plaintiffs to keep careful records and plead their hours with mathematical precision, we have recognized that it is employees' memory and experience that lead them to claim in federal court that they have been denied overtime in violation of the FLSA in the first place. Our standard requires that plaintiffs draw on those resources in providing complaints with sufficiently developed factual allegations.

*DeJesus*, 726 F.3d at 90 (citations omitted). Applying this standard in *DeJesus*, the Circuit Court held that an assertion, that the plaintiff "worked more than forty hours per week during 'some or all weeks' of her employment," was insufficient. *DeJesus*, 726 F.3d at 86, 89. Similarly, a "general and conclusory allegation as to the number of [overtime] hours 'routinely' worked" is not adequate. *Humphrey*, 169 F. Supp. 3d at 496 (citation omitted).

*Hinckley v. Seagate Hospitality Grp., LLP*, 2016 U.S. Dist. LEXIS 152799, *11-13 (W.D.N.Y. Nov. 2, 2016). In *Hinckley*, where the plaintiff alleged he worked more than 40 hours on "numerous occasions," this Court dismissed his overtime FLSA claim, finding the allegations "insufficient, as they do 'not allege[ ] a single workweek in which [Hinckley] worked at least 40 hours and was also worked uncompensated time in excess of 40 hours.' *Lundy*, 711 F.3d at 114." *Id.* at *13.

Plaintiff's allegations of unpaid overtime in the Third Amended Complaint are likewise insufficient to state a claim under the FLSA or NYLL.[6] Plaintiff does not allege a single specific workweek in which he worked over 40 hours, and his vague allegations that he "worked more approximately 45-50 hours every week" (TAC ¶ 34) is similar to the

---

[6] The NYLL overtime claim rises or falls with the FLSA overtime claims as the NYLL overtime claim is subject to the same analysis as an FLSA overtime claim. *See Reiseck v. Universal Communs. of Miami, Inc.*, 591 F.3d 101, 105 (2d Cir. 2010); *Roberts v. Fresenius Kabi USA LLC*, 2017 U.S. Dist. LEXIS 114280, *58-59 (W.D.N.Y. Jul. 20, 2017).

plaintiff's failed claim in *DeJesus* that she was due overtime for "some or all weeks" of her employment. *DeJesus*, 726 F.3d, at 87.

Moreover, the allegations forming the basis of Plaintiff's claim—that he was supposedly "doing the work" of a non-exempt Repair Organization Technician from sometime in 2012 until sometime in 2016—are both sparse and strange. *See* TAC ¶¶ 22-33. Plaintiff claims he was an exempt Quality Engineer, *and apparently retained the title and position of Quality Engineer,* yet somehow began doing the work of a Repair Organization Technician—but he makes the most vague of allegations about when it happened (i.e., sometime in 2012), and how it supposedly came to happen.

Indeed, in Plaintiff's initial complaint, he did not even allege <u>who</u> may have directed him to perform the work of a Repair Organization Technician, or who may have known he was doing such work. *See generally* Complaint. Because Defendants illuminated this defect in their initial motion to dismiss, Plaintiff has attempted to cure it in the Amended Complaints by alleging that "[u]pon information and belief, at all relevant times his immediate supervisor Juliann Nelson and Operations Manager Ronald Bradley knew he was doing the work of a *de facto* Repair Organization Technician and assigned him to do the work of this role." TAC ¶ 76. But this attempt fails for the following reasons:

- *First*, the allegations about Plaintiff doing the work of a Repair Organization Technician in the Third Amended Complaint are confusing at best, contradictory at worst—a far cry from plausible. In Paragraph 29, Plaintiff alleges that he "was asked to switch positions, and was *de facto* a Repair Organization Technician," whereas in Paragraph 76 he claims that he was "assigned" to the role. If he was not actually in the position of Repair Organization Technician but was a *de facto*

Repair Organization Technician by doing different work as a Quality Engineer, how was he asked "to switch positions"? And was he "asked" (¶ 29) to switch positions, or "assigned" (¶ 76) to switch positions? By Nelson, Bradley, or both? (¶ 76). Plaintiff's "vague and confusing allegations … do not satisfy the *Twombly/Iqbal* plausibility standard." *Huelbig v. Aurora Loan Servs., LLC*, 2011 U.S. Dist LEXIS 107428, *20 (S.D.N.Y. May 18, 2011).

- *Second*, Plaintiff's allegation that his supervisor Nelson and Operations Manager Bradley "assigned him to do the work" and "knew he was doing the work" are based *on information and belief*. TAC ¶ 76. But allegations based "upon information and belief" are generally reserved for allegations "based on **secondhand** information that [the Plaintiff] believes to be true." *Barrett v. Forest Labs, Inc.* 39 F. Supp. 3d 407, 431 (S.D.N.Y. 2014) (emphasis added) (quoting *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 442 (7th Cir. 2011). Plaintiff is alleging that Nelson and/or Bradley *assigned him* to do the work as well as *knew about* (i.e., observed) him doing the work—but this allegation is based upon information and belief, and not on Plaintiff's knowledge, as it would have to be *if Plaintiff had actually been assigned the work or observed doing the work*. It would well be within Plaintiff's knowledge to know who supposedly assigned him to do work or observed him doing work, and his equivocation in making this allegation upon information and belief renders it implausible.

- *Third*, Plaintiff is alleging a scheme—and a willful scheme to evade federal and state overtime law at that—to pay Plaintiff as an exempt employee while he

performed non-exempt work from 2012 to 2016, and yet alleges not a single detail or fact of how the scheme supposedly came to end other than that it ended.  Plaintiff offers no allegation about how he came to magically cease being a "*de facto* Repair Organization Technician" precisely on January 26, 2016.  TAC ¶ 75.

Simply put, a plain reading of Plaintiff's Third Amended Complaint and his claims of somehow becoming and then suddenly no longer being a "*de facto* Repair Organization Technician" does not leave the reader with the impression of plausibility, but rather the impression of implausibility, or even incredulity.

As Plaintiff's vague and threadbare claims of somehow being "converted" to a non-exempt employee while he apparently remained in the exempt position of Quality Engineer are just not plausible, his second and third causes of action against Defendants should be dismissed.

## POINT III

## THE THIRD AMENDED COMPLAINT FAILS TO STATE A NYLL § 195(3) CLAIM

Plaintiff's fifth and final cause of action is that per § 195(3) of the New York Labor Law, "Defendants failed to furnish Plaintiff with statements showing the number of regular hours worked and overtime hours worked during the pay period," TAC ¶ 93, and that "[u]pon information and belief, [Plaintiff] was furnished with wage statements that did not account for his non-exempt status and entitlement under the [FLSA] for overtime pay." TAC ¶ 94.  The Third Amended Complaint alleges no other details regarding this cause of action; the only other reference is in paragraph 36, in which Plaintiff states "Defendants failed to provide Plaintiff with accurate wage statements as required by state law."  TAC ¶ 37.

This claim fails for three reasons. First, it provides no factual allegations, and is simply a recitation of the requirement in § 195(3) that the wage statements of non-exempt employees "shall include … the number of regular hours worked." But in order for a complaint "to survive a motion to dismiss …a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Smith v. Mastercraft Decorators, Inc.*, 2011 U.S. Dist. LEXIS 125342, *4 (W.D.N.Y. Oct. 25, 2011) (citing *Twombly*). And Plaintiff provides not a single detail of what actually *was* contained in the wage statements he received.

Second, the requirement that employees be provided the number of regular hours worked is only for employees "who are not exempt from overtime compensation." § 195(3). In order for Plaintiff to plausibly allege a violation of § 195(3) for not receiving the number of regular hours worked, he must first plausibly allege that he was not exempt from overtime compensation. And as set forth in Point II, *supra*, his allegations about how he mysteriously became a non-exempt employee from sometime in 2012 until sometime in 2016 are implausible. As a result, he cannot plausibly allege he was entitled to the number of "regular hours worked" in his wage statement.

Third, § 198-1(d) of the New York Labor Law establishes the affirmative defense that if an employer did not provide wage statements as required by § 195(3), the employer will not be liable so long as it "made complete and timely payment of all wages due" to the employee. Thus, because Plaintiff does not plausibly allege that he is due any unpaid overtime, *see* Point II *supra*, he cannot plausibly allege a violation of § 198-1(d).

## **CONCLUSION**

Plaintiff has already amended his Complaint multiple times, and has not cured the issues that make each of his claims defective and unable to withstand a motion to dismiss. For the foregoing reasons, Defendants respectfully request that the Court dismiss the Third Amended Complaint in its entirety, with prejudice, and grant additional relief as the Court deems proper.

Dated: July 3, 2019

Respectfully submitted,

BOND, SCHOENECK & KING, PLLC

By: s/Michael D. Billok
Bar Roll No. 516448
Email: mbillok@bsk.com
Attorneys for Defendants
268 Broadway, Suite 104
Saratoga Springs, NY 12866
Telephone: (518) 533-3236
Facsimile: (518) 533-3284